# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Civil No. 1:98-CR-00233 |
| | : | |
| v. | : | |
| | : | |
| DANIEL GEORGE BROWN | : | Judge Jennifer P. Wilson |

## **MEMORANDUM**

Before the court is Daniel George Brown's ("Brown") petition for writ of error *coram nobis* filed December 16, 2019. (Doc. 89.) Because Brown has not shown that there was a fundamental error resulting in a miscarriage of justice in his proceedings that would warrant a writ of error *coram nobis*, he is not entitled to relief. For the reasons that follow, the petition for writ of error *coram nobis* is denied.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On April 18, 2001, the court entered judgment against Brown after he pleaded guilty to charges contained in a superseding information. (Doc. 38.) Brown was convicted of conspiracy to commit bank fraud in violation of 18 U.S.C. § 371 and illegal reentry by a deported alien in violation of 8 U.S.C. § 1326. (*Id.*) His conviction for illegal reentry was based upon a prior deportation that occurred

1

in 1997. (Doc. 89, p. 1.)[1] Brown was sentenced to 51 months in prison, followed by two years of supervised release on each count, to run concurrently. (Doc. 38.)

Following this conviction, Brown filed various motions, including a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, seeking to challenge his conviction. (Docs. 41, 46, 64, 74.) However, none were successful. (Doc. 96, p. 2.) From August 2004 until December 2019, Brown did not file any motions regarding his case. (*Id.*)

Following this fifteen-year hiatus, Brown filed the instant petition for writ of error *coram nobis* on December 16, 2019. (Doc. 89.) The government timely filed a response on January 17, 2020. (Doc. 96.) Brown filed a reply on May 27, 2020. (Doc. 104.) The petition is now ripe for review.

## JURISDICTION

This court has jurisdiction under the All-Writs Act, which gives the Supreme Court and all courts established by Act of Congress the ability to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principle of law." 28 U.S.C § 1651(a).

## STANDARD OF REVIEW

The writ of error *coram nobis* is an "extraordinary writ" and "the jurisdiction of a court to grant relief under it is of limited scope." *United States v. Cariola*, 323

---

[1] For ease of reference, the court utilizes the page numbers from the CM/ECF header.

F.2d 180, 194 (3d Cir. 1963). The writ "attack[s] allegedly invalid convictions which have continuing consequences." *United States v. Stoneman*, 870 F.2d 102, 105–06 (3d Cir. 1989). Additionally, it is only available "when the petitioner has served his sentence and is no longer "in custody" for purposes of 28 U.S.C. § 2255." *Id*. This "continuation of litigation after final judgment and exhaustion or waiver of any statutory right of review should be allowed through this extraordinary remedy only under circumstances compelling such action to achieve justice." *United States v. Morgan*, 346 U.S. 502, 511 (1954).

Since a writ of error *coram nobis* is an extraordinary remedy, "only where there are errors of fact of 'the most fundamental kind, that is, such as to render the proceeding itself irregular and invalid', can redress be had." *Cariola*, 323 F.2d at 180 (quoting *United States v. Mayer*, 235 U.S. 55, 69 (1914)). The challenged proceeding is presumed to be correct, and the petitioner bears the burden of overcoming this presumption. *Id*. Moreover, "the standard for *coram nobis* relief is even stricter than the standard for habeas relief." *United States v. Rottschaefer*, No. 2:03-CR-162, 2019 WL 3037302, at *2 (M.D. Pa. July 11, 2019). Thus, "it is difficult to conceive of a situation in a federal criminal case today where [a writ of *coram nobis*] would be necessary or appropriate." *Carlisle v. United States*, 517 U.S. 416, 429 (1996).

The Third Circuit has enumerated five prerequisites for *coram nobis* relief: "the petitioner (1) is no longer in custody; (2) suffers continuing consequences from the purportedly invalid conviction; (3) provides sound reasons for failing to seek relief earlier; (4) had no available remedy at the time of trial; and (5) assert[s] error(s) of a fundamental kind." *Ragbir v. United States*, 950 F.3d 54, 62 (3d Cir. 2020).

## DISCUSSION

While Brown and the government raise arguments on various prerequisites, the court will begin with determining if Brown overcame the burden of showing that the challenged proceeding was invalid because of a fundamental error that resulted in a complete miscarriage of justice. *Stoneman*, 870 F.2d at 105–106. The court will deny the petition for writ of error *coram nobis* because Brown has not shown a fundamental error in his 2001 proceeding.

To satisfy the fundamental error prong, "there must be an error, and the error must be fundamental." *Ragbir*, 950 F.3d at 63. An error is fundamental when it "inherently results in a complete miscarriage of justice." *Id.* (quoting *United States v. Woods*, 986 F.2d 669, 676 (3d Cir. 1993)). Examples of fundamental errors that result in a miscarriage of justice include "instructions that result in a conviction on a charge based on activity that is lawful" and "ineffective assistance of counsel." *Id.* at 64.

Brown argues that his 2001 conviction was fundamentally erroneous for two reasons. First, Brown argues that his illegal reentry conviction under 8 U.S.C. § 1326 is invalid because the statute is unconstitutional. (Doc. 89, p. 3.) According to Brown, the statute violates the Sixth Amendment by denying "civil immigration counsel" to defendants involved in criminal illegal reentry proceedings. (*Id.*) Brown asserts that while the statute convicts a person criminally, it authorizes a collateral challenge to a prior civil immigration proceeding in which their "criminal counsel" is not allowed to represent them, thus leaving a defendant without counsel. (*Id.*) Second, Brown argues that the counsel provided to him during his 2001 criminal proceedings was ineffective because his counsel was not licensed as a "civil immigration attorney" and thus, could not adequately advise him regarding a collateral attack of his prior deportation. (*Id.* at 6.)

In response to Brown's arguments, the Government relies on the fact that there is no distinction between civil and criminal attorney licenses. First, the Government argues that 8 U.S.C. § 1326 is not unconstitutional on the grounds that Brown argues, because the distinction between "civil" and "criminal" attorneys does not exist. (Doc. 96, p. 8.) Second, the Government asserts that even if Brown adequately raised an ineffective assistance of counsel claim, the claim would fail because Brown has not shown that counsel was so deficient that Brown's Sixth

Amendment rights were violated, and Brown has not shown that he suffered prejudice as a result of the deficient performance of his counsel. (*Id.* at 10–11.)

In reply, Brown again argues that the statute is unconstitutional because it does not allow a defendant to be represented by an appropriately licensed attorney in the various proceedings authorized by the statute. (Doc. 104, pp. 13–25.) Additionally, Brown argues that his counsel was ineffective because he did not notify Brown that he was not licensed as a civil immigration attorney, violating Pennsylvania Rules of Professional Conduct. Since, in Brown's view, his counsel was not skilled as an immigration attorney, his representation was, therefore, dishonest and inadequate. (*Id.* at 4.)

There was no fundamental error in Brown's 2001 proceeding based on the constitutionality of 8 U.S.C § 1326. Brown bases his argument on the proposition that attorneys that are licensed as "criminal attorneys" and represent defendants during illegal reentry proceedings cannot represent defendants in the civil proceedings attacking prior deportations, thus denying defendants adequate counsel and violating the Sixth Amendment. (Doc. 89, p. 6.) However, this proposition is incorrect. There is no distinction between civil and criminal attorneys that bars certain attorneys from representing defendants in different proceedings. As the Government points out, while attorneys may concentrate their practice in certain areas and be unfamiliar with others, there is no separate license

for "civil attorneys" and "criminal attorneys" which would result in depriving defendants, such as Brown, of counsel during certain proceedings. (Doc. 96, p. 9.) Therefore, 8 U.S.C § 1326 is not unconstitutional for the reason argued by Brown.

Additionally, there was no fundamental error in Brown's 2001 criminal proceeding based on ineffective assistance of counsel. In order to bring an ineffective assistance of counsel claim, a claimant must show that there was a deficient performance by counsel and that the claimant suffered prejudice as a result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show that counsel's performance was deficient, a claimant must show that "counsel made errors so serious that counsel was not functioning as the counsel guaranteed by the Sixth Amendment." *Id.* To show prejudice, the claimant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

Brown argues that his representation was deficient because his counsel was not licensed as a civil immigration attorney and thus, all advice he gave was dishonest and unacceptable. (Doc. 89, p. 9; Doc. 104, p. 4.) He also argues that the outcome of his trial would have been different because "counsel elected that Petitioner plead guilty." (Doc. 89, p. 10.) Again, this argument fails because of the incorrect proposition that attorneys are licensed either civilly or criminally. Attorneys can represent clients in civil and criminal cases using the same law

license.  Additionally, Brown does not state specific advice or opinions counsel gave that were deficient, such as whether to take a plea or whether to challenge his prior deportation.  His claim rests entirely on the fact that his attorney was not licensed as an "immigration lawyer" and as a result, could not give adequate counsel.  Brown has not identified any specific advice provided by his counsel that was deficient.  Therefore, Brown fails to show that his counsel's performance was deficient.  Since Brown has not shown that his counsel's performance was deficient, the court does not need to consider the alleged prejudice.  *Strickland*, 446 U.S at 687.

In conclusion, Brown has not pointed to a fundamental error resulting in a miscarriage of justice that would warrant a writ of error *coram nobis*. Because Brown has not satisfied the fundamental error prerequisite for obtaining a writ of error *coram nobis*, the court will deny his petition and will not address the other prongs.[2]  *Stoneman*, 870 F.2d at 108 (affirming denial of petition for writ of error *coram nobis* because petitioner did not show a fundamental error); *United States v. Rhines*, 640 F.3d 69, 72 (3d Cir. 2011) (same).

---

[2] Although Brown addresses the other prongs, he repackages his arguments regarding the constitutionality of the statute he was convicted under and his attorney's lack of licensure as a civil immigration attorney.  Since the court has already addressed these arguments, the court will not do so again.

## CONCLUSION

Since Brown has not shown that there was a fundamental error with his 2001 proceeding, he cannot support a claim for a writ of error *coram nobis*. Therefore, his petition for a writ of error *coram nobis* is denied. An appropriate order will issue.

s/Jennifer P. Wilson  
JENNIFER P. WILSON  
United States District Court Judge  
Middle District of Pennsylvania

Dated: August 5, 2020